■ In the Matter of EDUBILIO ANDRE R. and Another, Children Alleged to be Neglected. ANDRE R., Appellant; CARDINAL McCLOSKEY COMMUNITY SERVICES, Respondent. [19 NYS3d 518]—

Orders of fact-finding and disposition, Family Court, Bronx County (Carol Sherman, J.), entered on or about March 24,

2014 and on or about May 16, 2014, insofar as they determined that respondent father had permanently neglected the subject children, unanimously affirmed, and the appeals therefrom otherwise dismissed, without costs. Appeal from order, same court and Judge, entered on or about February 5, 2014, which granted petitioner agency's motion to be excused from its duty to exercise diligent efforts to reunite respondent father with the subject children, unanimously dismissed, without costs, as subsumed in the appeals from the aforementioned orders.

Diligent efforts to encourage and strengthen the parental relationship are only required "when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]). Here, the court properly determined, after a hearing, that the circumstances warranted excusing diligent efforts. Such circumstances included the father's conviction of a felony involving the sexual abuse of a girl, and Family Court's issuance of orders of protection after finding that the father had sexually abused his then eight-year-old daughter and medically neglected his son who has severe special needs. The court also considered the expert testimony of social workers who testified that reunification would be traumatic to each of the children who continued to suffer from the abuse and neglect, and the evidence that the father had not participated in any services or sexual offender program while incarcerated. Under these egregious circumstances, efforts to reunite would be futile and contrary to the children's best interests (*see Matter of Marino S.*, 100 NY2d 361 [2003], *cert denied* 540 US 1059 [2003]; *Matter of Milan N.*, 45 AD3d 358 [1st Dept 2007], *lv denied* 10 NY3d 703 [2008]). As the record was undisputed that the father failed to maintain contact with the children or plan for their future, the finding of permanent neglect was supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]).

No appeal lies from the dispositional portions of the orders, since the father defaulted at the dispositional hearings (*see Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498, 499 [1st Dept 2013]). Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.